# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| MICHELLE LEON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>F.H. CANN AND ASSOCIATES, INC.,<br><br>    Defendant. | Case No.: 17-cv-496<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Michelle Leon is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5.      Plaintiff is also a "customer" as defined in the WCA in that she engaged in a consumer credit transaction, namely an education loan, for personal, family or household purposes. Wis. Stat. § 421.301(17).

6.      Defendant F.H. Cann & Associates, Inc. ("F.H. Cann") is a Massachusetts corporation with its principal place of business located at 1600 Osgood Street, Suite 2-120, North Andover, MA 01845

7.      F.H. Cann is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      F.H. Cann is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. F.H. Cann is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9.      Plaintiff entered into one or more consumer credit transactions with "U.S. Department of Education" ("USDE") for an education loan.

10.      Student loan agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427; *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

11.      Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

12.      Plaintiff's student loan contracts were for "services," namely educational services.

13.      Plaintiff's student loans, as are all student loans, are extensions of "credit." Plaintiff obtained student loans to pay for tuition, fees and educational materials. Wis. Stat. §

2

421.301(14) ("'Credit' means the right granted by a creditor to a customer to defer payment of debt, to incur debt and defer its payment or to purchase goods, services or interests in land on a time price basis.") That Defendant sent Plaintiff debt collection letters establishes that the lender intended repayment of the debt.

14.     Plaintiff's educational loans were payable in installments. Under a standard student loan contract, the consumer incurs an obligation to pay the balance in monthly installments, over the contract's term, and payments usually begin after the consumer has graduated or otherwise left school.

15.     Moreover, the student loan transaction includes interest, which is a "finance charge." Wis. Stat. § 427.301(20)(a) ("Finance charge" includes "Interest, time price differential and any amount payable under a discount or other system of additional charges").

16.     As Plaintiff entered into consumer credit transactions with USDE, Plaintiff is a "consumer" under the WCA, Wis. Stat. § 421.301(17).

17.     On or about December 6, 2016, F.H. Cann mailed a debt collection letter to Plaintiff regarding alleged debts placed with F.H. Cann. A copy of this letter is attached to this complaint as Exhibit A.

18.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

19.     Exhibit A states "Collection Costs: $602.60."

20.     Wisconsin law specifically prohibits the attachment of collection fees to consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide
> for any charges as a result of default by the customer other than reasonable
> expenses incurred in the disposition of collateral and such other charges as
> are specifically authorized by chs. 421 to 427.

3

21.     In addition, Wis. Stat. § 422.202, entitled "Additional charges," does not list collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

22.     The Western District of Wisconsin has held specifically that the WCA prohibits collection fees on student loans. *Patzka*, 917 F. Supp. at 659.

23.     Moreover, even if the WCA does not apply, upon information and belief, Defendant's $602.60 fee is neither a measure of Defendant's incidental or consequential damages, nor a measure of Defendant's costs of collection. *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112-13 (7th Cir. 2008) (percentage fee varies widely with amount owed).

24.     Debt collectors are not permitted to choose a collection fee amount at random or as much as they can get away with. The amount of the collection fee must be reasonably related to *actual* costs of collection. *See, eg.* 34 C.F.R. § 674.43(b)(3):

> (3) The institution shall determine the amount of the late charge imposed for loans described in paragraph (b)(2) of this section based on either—
>
> > (i) Actual costs incurred for actions required under this section to secure the required payment or information from the borrower; or
> >
> > (ii) The average cost incurred for similar attempts to secure payments or information from other borrowers.

25.     Upon information and belief, Defendant's $602.60 fee far exceeds both the actual costs that F.H. Cann incurs for collection from Plaintiff and the average cost F.H. Cann incurs for similar attempts to secure payments or information from other borrowers. All F.H. Cann has done with respect to Plaintiff's alleged debt is to mail computer-generated, form letters, and perhaps place some phone calls.

4

26.     Thus, for the automated mailing of a standard form collection letter, F.H. Cann is adding $602.60 to the Plaintiff's alleged debt, almost 26% of the principal. This amount is unreasonably excessive.

27.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

29.     15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

30.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

31.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

32.     Plaintiff was confused by Exhibit A.

33.     The unsophisticated consumer would be confused by Exhibit A.

34.      Plaintiff had to spend time and money investigating Exhibit A.

35.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

36.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan*

5

*Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

### COUNT I – FDCPA

38.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39.     F.H. Cann's attempt to collect collection fees misrepresents the character, amount, or legal status of the Plaintiff's alleged debt.

40.     F.H. Cann's conduct violates 15 U.S.C. §§ 1692e and 1692e(2)(a).

## COUNT II -- FDCPA

41.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42.     The collection fees that F.H. Cann added to the alleged debt identified in Exhibit A greatly exceed the actual costs F.H. Cann incurs for collection from Plaintiff and the average cost F.H. Cann incurs for similar attempts to secure payments or information from other borrowers.

43.     F.H. Cann's Collection Fee of almost 26% percent of the principal is unreasonably excessive. *See Seeger*, 548 F.3d at 1112-13.

44.     F.H. Cann used false representations and/or deceptive means to collect or attempt to collect Plaintiff's alleged debt, in violation of 15 U.S.C. §§ 1692e(10) and 1692f.

## COUNT III

## Wisconsin Consumer Act

45.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46.     Plaintiff's student loans are consumer credit transactions.

47.     Collection fees on consumer credit transactions are prohibited by the Wisconsin Consumer Act, §§ 422.202, 422.413, Wis. Stats.; *Patzka*, 917 F. Supp. at 659.

48.     Student loans are consumer credit transactions. The consumer credit transaction at issue in *Patzka* was also a student loan.

7

49.     The 25.8 percent of the principal is not a measure of anyone's incidental or consequential damages or a measure of F.H. Cann's costs of collection or otherwise reasonable in amount.

50.     F.H. Cann's attempt to collect prohibited collection fees violates the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(j).

## CLASS ALLEGATIONS

51.     Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by F.H. Cann (c) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (d) for alleged student loan debt, (e) between April 5, 2016 and April 5, 2017, inclusive (f) that was not returned by the postal service.

52.     The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

53.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

54.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

55.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

8

## JURY DEMAND

57.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated:  April 5, 2017

**ADEMI & O'REILLY, LLP**

By:     s/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com